**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**MARK W. SWIMELAR,**
Appellant/Chapter 13 Trustee,

                **Appellant,**                **No. 6:08-cv-1210**
                                                            **(GLS)**

                    **v.**

**MICHAEL V. LAMENDOLA and**
**NAOMI L. McCALL,**

                **Appellees.**
_____

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| **FOR APPELLANT:** | |
| Office of Mark W. Swimelar<br>250 South Clinton Street, Suite 203<br>Syracuse, NY 13202 | MARK W. SWIMELAR, ESQ. |
| Office of Chapter 13 Trustee<br>250 South Clinton Street, Suite 203<br>Syracuse, NY 13202 | MAXSEN D. CHAMPION, ESQ. |
| **FOR APPELLEE:** | |
| Office of Gerard C. DeCusatis<br>178 Clizbe Avenue<br>Amsterdam, NY 12010 | GERARD C. DeCUSATIS, ESQ. |

**Gary L. Sharpe**
**U.S. District Judge**

**MEMORANDUM-DECISION AND ORDER**

**I. INTRODUCTION**

The bankruptcy court overruled the Chapter 13 Trustee Mark Swimelar's (the "Trustee") objection to Debtors' Chapter 13 plan. The Trustee now appeals the bankruptcy court's ruling. For the reasons stated below, this court affirms.

**II. BACKGROUND**

The relevant facts in this case are undisputed. The only disputed issue is one of law. Thus, the court briefly states the facts relevant to the court's decision. Debtors filed for bankruptcy protection under Chapter 13 of the Bankruptcy Code, 11 U.S.C. §§ 101-1532. However, in calculating the deductions allowed from Debtors' income, the Debtors included two deductions for car ownership– each in the amount of $489– when they have no monthly loan or payment on those cars. The Trustee objected to such deduction, but the bankruptcy court overruled his objection. The Trustee appeals.

**III. DISCUSSION**

The district court sits as an appellate court when a bankruptcy order

2

is appealed.  28 U.S.C. § 1334.  The district court may affirm, reverse or modify the bankruptcy court's ruling or remand the case for further proceedings.  Fed.R.Bankr.P. 8013.  This court reviews the bankruptcy court's interpretation of the Bankruptcy Code *de novo* and its findings of fact for clear error.  *In re Ionosphere Clubs, Inc.,* 922 F.2d 984, 988-89 (2d Cir. 1990).

Section 1325 provides that a debtor must devote all of their disposable income into their Chapter 13 plan for the applicable commitment period.  11 U.S.C. § 1325(b)(1)(B).  Disposable income is defined as "current monthly income received by the debtor . . . less amounts reasonably necessary to be expended for the maintenance or support of the debtor or a dependent of the debtor . . ."  11 U.S.C. § 1325 (b)(2)(A)(i).  In turn, Section 1325(b)(3) directs that, for a family with an above-median income, the amounts reasonably necessary to be expended shall be determined in accordance with Section 707(b)(2)(A) and (B).

Section 707(b)(2)(A)(ii)(I), in relevant part, states that:

> The debtor's monthly expenses shall be the debtor's applicable monthly expense amounts specified under the National Standards and Local standards, and the debtor's actual monthly expenses for the categories specified as Other Necessary Expenses issued by the Internal Revenue Service

3

>  for the area in which the debtor resides . . . Notwithstanding
>  any other provision of this clause, the monthly expenses of the
>  debtor shall not include any payments for debts.

*See* 11 U.S.C. § 707(b)(2)(A)(ii)(I).

With the above background, the court now focuses on the issue at hand. As this court has previously noted, the courts that have addressed the issue of whether a deduction should be allowed in this instance are divided. For example, the bankruptcy appellate panels for the Tenth Circuit, *In re Pearson,* 390 B.R. 706 (10th Cir. BAP 2008),[1] and the Sixth Circuit, *In re Kimbro,* 389 B.R. 518 (6th Cir. BAP 2008), permitted the deduction. On the other hand, the bankruptcy appellate panels for the Eighth Circuit, *In re Wilson,* 383 B.R. 729 (8th Cir. BAP 2008), and the Ninth Circuit, *In re Ransom,* 380 B.R. 799 (9th Cir. BAP 2007), have disallowed such deduction. However, the Seventh Circuit, which is the only Circuit to address the issue, allowed the deduction. *In re Ross-Tousey,* 549 F.3d 1148 (7th Cir. 2008)*,* the Seventh Circuit reasoned that:

>  In order to give effect to all the words of the statute, the term
>  *"applicable monthly expense amounts"* cannot mean the same
>  thing as *"actual monthly expenses."* Under the statute, a
>  debtor's "actual monthly expenses" are only relevant with
>  regard to the IRS's "Other Necessary Expenses;" they are not

---

[1] Vacated as moot by *In re Pearson,* 309 Fed.Appx. 216 (10th Cir. 2009).

4

> relevant to deductions taken under the Local Standards, including the transportation ownership deduction. Since "applicable" cannot be synonymous with "actual," applicable cannot reference what the debtor's actual expense is for a category . . .

*In re Ross,* 549 F.3d at 1158 (emphasis added). This court agrees with the view of the Seventh Circuit "that the better interpretation of 'applicable' is that it references the selection of the debtor's geographic region and number of cars." *Id.* Thus, this court rejects the Trustee's position that "applicable expense" means "actual expense."

Likewise, the court rejects the Trustee's position that the court should look to the Internal Revenue Manual for guidance on this issue. The court agrees with the Seventh Circuit that the statute "does not incorporate the [Internal Revenue Manual] or the Financial Analysis Handbook, or even refer to them." *Id.* at 1159 (citing 11 U.S.C. § 707(b)(2)(A)(ii)(I)).

Finally, the court also rejects the Trustee's position that it is sound policy to limit the deduction to debtors who only have car payments. This court agrees, however, with the observation by the Seventh Circuit that:

> Limiting the deduction to debtors who make car payments would also produce arbitrary and unfair results. The debtor who completes his last car payment just before filing would not be allowed the deduction, while the debtor who has one car payment remaining a few days after filing would be allowed to

take it.

*Id.* at 1161.

For the reasons stated above, this court determines that the debtors are entitled to the applicable deductions at issue for car ownership.

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that the judgment of the bankruptcy court is affirmed; and it is further

**ORDERED** that the Clerk enter judgment and provide copies of this Decision and Order to the parties.

**IT IS SO ORDERED.**

Albany, New York
Dated: June 19, 2009

_____
United States District Court Judge